1  Walter J. Lack (CA SBN 57550)
2  Daniel G. Whalen (CA SBN 126487)
   Paul A. Traina (CA SBN 155805)
3  Gregory P. Waters (CA SBN 241782)
   ENGSTROM, LIPSCOMB & LACK, P.C.
4  10100 Santa Monica Boulevard, 12th Floor
   Los Angeles, California 90067-4107
5  Telephone: (310) 552-3800
   Fax: (310) 552-9434
6
   Attorneys for Plaintiff, James Lee Finseth
7
8  Brian S. Kabateck (CA SBN 152054)
   Richard L. Kellner (CA SBN 171416)
   Alfredo Torrijos (CA SBN 222458)
9  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
10 Los Angeles, California 90017
   Telephone: (213) 217-5000
11 Facsimile: (213) 217-5010

12 Attorneys for Plaintiffs, Chris McElroy and Todd Matzke

E-FILED 10-28-09

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE FINSETH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK SOLUTIONS LLC, a Limited Liability Company,<br><br>Defendant.<br><br>CHRIS McELROY, on Behalf of Himself and All Others Similarly Situated, TODD MATZKE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NETWORK SOLUTIONS LLC, a Delaware Limited Liability Company; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, | Case No. CV 08-01247 PSG (VBKx)<br>**Case No. CV 08-01537 PSG (VBKx)**<br><br>HONORABLE PHILIP S. GUTIERREZ<br><br>[~~PROPOSED~~] JUDGMENT ON CLASS ACTION SETTLEMENT |

a California non-profit Corporation; and DOES 1 through 250, inclusive;

Defendants.

This matter having been before the Honorable Philip S. Gutierrez, presiding, for final approval of class action settlement and an Order granting final approval having been entered,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

2. This Court confirms as final its preliminary certification, pursuant to Rule 23 of the Federal Rule of Civil Procedure, of the Settlement Class for the purposes of settlement, including two sub-classes which are defined as follows:

    a. All users who searched for the availability of a domain name through Network Solutions' website during the period December 14, 2007 through March 15, 2008, and who purchased a Settlement Registration through Network Solutions during the same internet session in which the user searched for the domain name with Network Solutions, and who have not already received a full refund for the Settlement Registration, which includes a total of approximately 62,661 domain name registrations (the "Same-Session Purchasing Sub-Class"); and

    b. All users who searched for the availability of a domain name through Network Solutions' website during the period December 14, 2007 through March 15, 2008 and who purchased a Settlement Registration through Network Solutions during a different internet session within four (4) days of having conducted the original domain name search for that

domain name with Network Solutions and who have not already received a full refund for the Settlement Registration, which includes a total of approximately 50,433 domain name registrations (the "Four-Day Purchasing Sub-Class").

3. The Class Notice sent to Class Members by e-mail, and supplemental by U.S. Mail to those Class Members who did not have valid e-mail addresses at the time of the Notice, pursuant to the Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

4. The Stipulation and Agreement of Settlement and the terms set forth therein are incorporated in this Judgment by reference. A copy of the Stipulation and Agreement of Settlement is attached to this Order as Exhibit 1. The Court finds that the Stipulation and Agreement of Settlement and its terms are fair, just, reasonable and adequate in all respects. The Court specifically finds that the settlement is rationally related to the strength of plaintiffs' and Class members' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Stipulation and Agreement of Settlement is the result of arms-length negotiation between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation.

5. This Court further finds that the response of the Class to the settlement supports settlement approval. Of the 113,094 Class members who received notice, only one objected and only 16 opted out of the settlement. Further, no objection has been filed by any State or Federal official given notice pursuant to 28 U.S.C. §1715.

6. The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The

mechanisms and procedures set forth in the Stipulation and Agreement of Settlement by which payments are to be calculated and made to Class members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Stipulation and Agreement of Settlement.

7. The Court also finds that the Representative Plaintiff's counsels' request for attorneys' fees and reimbursement of costs in the amount of $171,994.00 is just and reasonable, warranting approval. The Court permits SSV Live Foods, LLC to withdraw its Objection to the Settlement and approves the award of attorney's fees to SSV Live Foods, LLC in the amount of $15,000, which the Court finds reasonable.

8. The Court confirms as final the appointment of Plaintiffs Chris McElroy, Todd Matzke and James Lee Finseth as class representatives, as stated in the Order Granting Preliminary Approval.

9. The Court confirms as final the appointment of the law firms of Engstrom, Lipscomb & Lack, P.C. and Kabateck Brown Kellner LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

10. A full opportunity having been offered to Class members to participate in the Settlement Hearing, it is hereby determined that all Class members, other than those persons and entities who have requested exclusion from the Class in accordance with the terms of the Notice, as set forth in Exhibit 2 to this Judgment, are bound by this Judgment and their claims released pursuant to the Stipulation and Agreement of Settlement are dismissed with prejudice.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) enforcing the Settlement Agreement; (b) addressing settlement administration matters; (c) all parties for the purpose of construing, enforcing and administering the Stipulation and the

1  Judgment; and addressing such post-Judgment matters as may be appropriate under
2  court rules or applicable law.

4  DATED: 10/27/09                **PHILIP S. GUTIERREZ**
                                  JUDGE PHILIP S. GUTIERREZ
5                                 UNITED STATES DISTRICT JUDGE

325108                                    5
**[PROPOSED] JUDGMENT ON CLASS ACTION SETTLEMENT**